UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. OVERTON,<br><br>    Plaintiff,<br><br>  v.<br><br>B.P.H., et al.,<br><br>    Defendants. | No. 2:18-cv-3184 KJN P<br><br>ORDER |

  Plaintiff is proceeding pro se with a civil rights complaint under 42 U.S.C. § 1983. On December 19, 2018, plaintiff filed a document styled "motion for adjudication," and on January 11, 2019, plaintiff filed a document requesting his immediate release from prison.

  First, plaintiff is advised that in order to proceed in this action, he must first comply with the court's December 13, 2018 order requiring either the filing of an application to proceed in forma pauperis, or the payment of the court's filing fee. To date, plaintiff has not responded to or complied with such order.

  Second, plaintiff is advised that he cannot obtain release from prison through a civil rights action brought under 42 U.S.C. § 1983. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475,

499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

Third, to the extent plaintiff seeks to challenge the denial of parole through a petition for writ of habeas corpus, he is advised of the following. Pursuant to the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011), federal courts may no longer undertake substantive federal habeas review of state parole decisions. Federal courts may not intervene in a Board of Parole Hearings decision if minimum procedural protections were provided, i.e., an opportunity to be heard and a statement of the reasons why parole was denied. Id. at 219-20. Substantive challenges to parole decisions are no longer cognizable on federal habeas review. See, e.g., Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) ("It makes no difference that [petitioner] may have been subjected to a misapplication of California's 'some evidence' standard. A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus.").

Finally, in an abundance of caution, plaintiff is granted a brief extension of time in which to comply with the court's last order. Plaintiff is cautioned that failure to timely comply will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions (ECF Nos. 4 & 5) are denied without prejudice; and

2. Plaintiff is granted fourteen days from the date of this order in which to file comply with the December 13, 2018 order. Failure to comply will result in the dismissal of this action.

Dated: January 17, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/over3184.36